EMILYROSE JOHNS, SBN 294319
THE LAW OFFICE OF EMILYROSE JOHNS
1950 Franklin Street, Suite 1700
Oakland, CA 94612
Telephone: (510) 985-4434
Facsimile: (510) 440-3850
Email: emilyrose@erjohnslaw.com

Attorneys for Plaintiff
KAILEY HARRINGTON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAILEY HARRINGTON, | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) |
| CITY AND COUNTY OF SAN FRANCISCO, ANTHONY M. ZAMAGNI, | ) |
| Defendants. | ) |

## INTRODUCTION

1. On November 21, 2025, Kailey Harrington, then a 22-year-old sales representative, was intentionally and maliciously thrown to the ground by Officer Anthony M. Zamagni, causing her to strike her head on the pavement.

2. Officer Zamagni knew that Ms. Harrington had earlier been the victim of an assault in which she was struck in the head by a man using a closed fist.

3. Officer Zamagni used excessive force on Ms. Harrington when trying to place her under arrest, throwing her to the ground in a violent manner and causing her to strike her head on the sidewalk or pavement.

4. Officer Zamagni then fabricated evidence against Ms. Harrington in an effort to justify his excessive use of force and ensure her prosecution.

*Harrington v. City and County of San Francisco, et al.*, No.
Complaint for Damages - 1

5. As a result of his fabrication, Ms. Harrington was prosecuted. The charges were later dismissed.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution), § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution), and 42 U.S.C. § 1983.

7. The state law claims herein are related to claims in the action within original jurisdiction so that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

9. At all relevant times, Plaintiff Kailey Harrington was a 22-year-old sales representative. During all relevant times, Ms. Harrington was a resident of San Francisco, California.

10. Defendant Anthony M. Zamagni is a sworn law enforcement officer employed by the City and County of San Francisco. He is being sued in his official and individual capacities.

11. Defendant City and County of San Francisco is a public entity organized under the Constitution and laws of the State of California and is responsible for the policies and funding of the San Francisco Police Department. The City and County of San Francisco operates the San Francisco Police Department under its authority.

## FACTUAL ALLEGATIONS

12. At all relevant times, Kailey Harrington was a 22-year-old sales representative, who was approximately 5'6" and weighed approximately 100 pounds.

*Harrington v. City and County of San Francisco, et al.*, No.
Complaint for Damages - 2

13. On Thursday, November 20, 2025 or in the early morning of Friday, November 21, 2025, Ms. Harrington entered Tunnel Top Lounge and Bar ("Tunnel Top"), located in San Francisco, with a man who had accompanied her from another bar.

14. Ms. Harrington was visibly drunk and unable to care for herself.

15. Rather than refuse to serve her and help her get a cab home, the bartender at Tunnel Top continued to serve her alcohol, plied to her by the man who accompanied her.

16. While in Tunnel Top, Ms. Harrington was punched in the face with a closed fist by a bar patron.

17. A concerned witness called 9-1-1 and reported the assault.

18. When the police arrived, they encountered Ms. Harrington's assailant and detained him while Officer Anthony M. Zamagni spoke with Ms. Harrington.

19. Ms. Harrington's behavior was irregular due to being plied with alcohol and suffering a head trauma.

20. Ms. Harrington needed medical assistance and assistance getting home safely.

21. Rather than provide her with that assistance, Defendant Zamagni ordered Ms. Harrington to call an Uber.

22. He waited with Ms. Harrington, but the Uber never came.

23. While he waited with Ms. Harrington, she was jocular and friendly but still clearly irregular.

24. It was obvious to the casual observer that she needed additional assistance, and it should have been obvious to Defendant Zamagni that Ms. Harrington needed medical assistance.

25. While in this state, Ms. Harrington pushed on Defendant Zamagni's chest with an open hand in what appeared to be a playful or flirtatious manner.

26. Defendant Zamagni is a head taller than Ms. Harrington and significantly heavier than Ms. Harrington.

27. Ms. Harrinton was not verbally or physically threatening to the officer.

28. After she pushed on his chest, Defendant Zamagni aggressively grabbed her left arm with his right hand.

29.     He then released her wrist, wrapped his right arm around the back of her neck and grasped her right shoulder with his right hand.

30.     From that position, Defendant Zamagni threw Ms. Harrington violently to the ground.

31.     He made no effort to cushion her fall.

32.     His violent, unnecessary, and excessively forceful maneuver caused Ms. Harrington's head to hit the ground with such force that it caused a large laceration on her scalp and excessive bleeding.

33.     Defendant Zamagni then attempted to justify his use of excessive force by announcing that Ms. Harrington had punched him with a closed fist—something that did not occur.

34.     He added to this fabrication by authoring a police report, with the intention to ensure her prosecution, wherein he stated that Ms. Harrington had punched him twice in the face with a closed fist and once in the chest with a closed fist.

35.     His fabrication resulted in criminal charges being filed against Ms. Harrington.

36.     Ms. Harrington faced prosecution for several months, until the charges were dropped once the District Attorney's office watched the body worn camera video, showing that Ms. Harrington did not punch Defendant Zamagni.

37.     On information and belief, Defendant Zamagni was not disciplined for his excessive use of force and his material fabrication of evidence.

38.     This is consistent with the City and County of San Francisco's practice of failing to supervise, train, and/or discipline its officers for excessive use of force and fabrication of evidence.

39.     In the two years prior to this incident, the San Francisco Police Department Internal Affairs division had not received a single recommendation from a supervisory review of use of force that a non-lethal use of force might be out of policy.

40.     This is true despite numerous citizen complaints and lawsuits being filed in that same duration alleging San Francisco Police Department officers used excessive force.

41.     As a result of the actions and inactions of Defendant Zamagni and the City and County of San Francisco, Ms. Harrington suffered damages including but not limited to medical and out of pocket expenses associated with her medical treatment and recovery, physical pain and suffering, economic harm and lost wages, and emotional distress.

**EXHAUSTION**

42.   Ms. Harrington presented a claim to the City and County of San Francisco pursuant to California Government Code § 910 *et seq.* on April 27, 2026.

43.   The City and County of San Francisco denied her claim on May 26, 2026.

**FIRST CLAIM FOR RELIEF**
**USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**
**(against Defendant Anthony M. Zamagni)**
**(42 U.S.C. § 12132)**

44.   Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

45.   By virtue of the foregoing, defendant Anthony M. Zamagni acted under color of law when he violently assaulted plaintiff without lawful justification, depriving plaintiff of her right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of their person by use of excessive force.

46.   As a result of defendant Zamagni's actions, plaintiff suffered harm including physical injury, pain and suffering, emotional distress, and constitutional harm.

**SECOND CLAIM FOR RELIEF**
***DEVEREAUX* LIABILITY**
**(against Defendant Anthony M. Zamagni)**
**(42 U.S.C. § 1983)**

47.   Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

48.   Defendant Anthony M. Zamagni deliberately fabricated evidence by preparing and writing the police report containing false information, omissions, and material misrepresentations that was used to prosecute Ms. Harrington.

49.   Defendant Anthony M. Zamagni knew that Ms. Harrington was innocent and/or were deliberately indifferent to her innocence but conducted a coercive and abusive investigation and/or deliberately fabricated evidence that was used to prosecute her.

50.   Defendant Anthony M. Zamagni subjected Ms. Harrington to their deliberate fabrication of evidence, coercive and abusive techniques, and wrongful conduct, depriving Ms. Harrington of the rights

described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Ms. Harrington would be violated by their acts and/or omissions.

51.    As a result, Ms. Harrington sustained injuries and damages, as set forth above.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION**
**(against Defendant Anthony M. Zamagni)**
**(42 U.S.C. § 1983)**

52.    Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

53.    Defendant Anthony M. Zamagni deliberately fabricated evidence by preparing and writing the police report containing false information, omissions, and material misrepresentations that was used to prosecute Ms. Harrington.

54.    Defendant Anthony M. Zamagni maliciously or recklessly made false reports to the prosecutor to urge prosecution of Ms. Harrington.

55.    As a result, Ms. Harrington sustained injuries and damages, as set forth above.

**FOURTH CLAIM FOR RELIEF**
***MONELL* LIABILITY**
**(against Defendant City and County of San Francisco)**
**(42 U.S.C. § 1983)**

56.    Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

57.    By virtue of the foregoing, the City and County of San Francisco failed to properly train and/or supervise and/or discipline its officers for using excessive force.

58.    The supervisory review process for use of force fails to refer officers for scrutiny when excessive force is utilized against arrestees.

59.    Defendant City and County of San Francisco failed to properly train and/or supervise and/or discipline defendant Zamagni to refrain from the use of excessive force, and its failure is the moving force behind defendant Zamagni's use of excessive force against plaintiff.

64.    As a result of defendant City and County of San Francisco's failure to properly train and/or supervise and/or discipline defendant Zamagni, plaintiff suffered harm, including physical injury, pain and suffering, emotional distress, and constitutional harm.

**FIFTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(Cal. Civil Code § 52.1)**

60. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

61. Defendant Anthony M. Zamagni interfered and/or attempted to interfere with plaintiff's rights secured by the United States Constitution, California Constitution, federal laws and/or state laws by threats, intimidation or coercion.

62. Defendants Anthony M. Zamagni intended to deprive plaintiff of her enjoyment of the interests protected by these laws and/or acted with reckless disregard.

63. Plaintiff was harmed, and defendant's conduct was a substantial factor in causing her harm.

64. The City and County of San Francisco is the employer of defendant Zamagni, who was acting in the course and scope of his employment when he performed these acts.

65. By virtue of the foregoing, defendant City and County of San Francisco is liable under California Government Code section 815.2 for the acts of its employee Zamagni, who acted within the course and scope of his employment.

**SIXTH CLAIM FOR RELIEF**
**ASSAULT**
**(against all Defendants)**
**(Common Law)**

66. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

67. By virtue of the foregoing, defendant Anthony M. Zamagni intentionally subjected plaintiff to the imminent threat of harmful or offensive contact that defendant had the means to carry out.

68. As a result of defendant's actions, plaintiff suffered harm including physical injury, pain and suffering, emotional distress, and constitutional harm.

69. The City and County of San Francisco is the employer of defendant Zamagni, who were acting in the course and scope of their employment when he performed these acts.

70. By virtue of the foregoing, defendant City and County of San Francisco is liable under California Government Code § 815.2 for the acts of its employee Zamagni, who acted within the course and scope of their employment.

## SEVENTH CLAIM FOR RELIEF
### BATTERY
**(against defendant Anthony M. Zamagni)**
**(Common Law)**

71. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

72. By virtue of the foregoing, defendant Anthony M. Zamagni intentionally subjected plaintiff to harmful or offensive contact through the use of unreasonable force.

73. The City and County of San Francisco is the employer of defendant Zamagni, who was acting in the course and scope of his employment when he performed these acts.

74. By virtue of the foregoing, defendant City and County of San Francisco is liable under California Government Code § 815.2 for the acts of its employee Zamagni, who acted within the course and scope of their employment.

## EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE
**(against all Defendants)**
**(Cal. Civ. Code § 1714)**

75. Plaintiff reincorporates by reference each of the preceding paragraphs and allegations as if fully set forth herein.

76. Defendant Anthony M. Zamagni breached his duty of care owed to plaintiff, and this breach was the proximate cause for plaintiff's harm.

77. The City and County of San Francisco is the employer of defendant Zamagni, who was acting in the course and scope of their employment when he performed these acts.

78. By virtue of the foregoing, defendant City and County of San Francisco is liable under California Government Code § 815.2 for the acts of its employee Zamagni who acted within the course and scope of their employment.

///

*Harrington v. City and County of San Francisco, et al.*, No.
Complaint for Damages - 8

## DAMAGES

79.    As a direct and proximate result of each defendant's acts and/or omissions as set forth above, Ms. Harrington sustained, and is currently sustaining, the following injuries and damages, past and future, including, but not limited to:

      a.    Compensable damages;

      b.    Special damages including medical expenses and loss of income;

      c.    General damages including pain and suffering and emotional distress;

      d.    Future damages including loss of future income and loss of economic opportunity;

      e.    All other legally cognizable compensatory, special and general damages.

## PUNITIVE DAMAGES

80.    In taking the actions described above, the individual defendant intentionally and maliciously violated Ms. Harrington's civil rights and/or acted with reckless disregard as to whether his actions violated Ms. Harrington's civil rights.

81.    In taking the actions described above, the individual defendants acted with oppression, fraud and/or malice.

82.    As such, Ms. Harrington claims punitive damages against the individual defendants in an amount to be determined by a jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following relief against each and every defendant herein, jointly and severally:

      a.    Compensatory damages in an amount according to proof;

      b.    General damages;

      c.    Special damages;

      d.    Punitive damages under 42 U.S.C. § 1983, California Civil Code § 3294 and federal and state law in an amount according to proof against all defendants except the public entities;

      e.    Treble damages under California Civil Code § 52.1(c);

      f.    Nominal damages;

g.  Attorney's fees and cost of suit under 42 U.S.C. § 1988;

h.  Attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

i.  All other damages, penalties, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 *et seq.* and 52.1; and as otherwise may be allowed by California and/or federal law;

j.  For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: July 30, 2026                    THE LAW OFFICE OF EMILYROSE JOHNS


By:_____
        EmilyRose Johns

Attorneys for Plaintiff
KAILEY HARRINGTON


*Harrington v. City and County of San Francisco, et al.*, No.
Complaint for Damages - 10